JOHN L. BURRIS, Esq./ State Bar # 69888
LAW OFFICES OF JOHN L. BURRIS
7677 Oakport Street, Suite 1120
Oakland, CA 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882

GAYLA B. LIBET, Esq./ State Bar # 109173
LAW OFFICES OF GAYLA B. LIBET
486 41st Street, # 3
Oakland, CA 94609
Telephone and Facsimile: (510) 420-0324

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LIONEL N. ALLEN; RALPH P. DAVIS;  ) Action No. C07-03509
MICHAEL OATEZ; MONICA OATEZ;      )
M.O., a minor, by and through her guardian ) CERTIFICATION OF INTERESTED
ad litem, MICHAEL OATEZ; MICHAEL  ) ENTITIES OR PERSONS
A. FLEURY; and, JOHNNY D. STOKES, )
                                  )
                    Plaintiffs,   )
                                  )
vs.                               )
                                  )
CITY OF SAN LEANDRO, a municipal corporation; )
JOSEPH KITCHEN, in his capacity as Chief of Police )
for CITY OF SAN LEANDRO; and, DOES 1-25, )
inclusive, individually, and in their capacity as )
San Leandro police officers,      )
                                  )
                    Defendants.   )
_____)

Pursuant to Civil Local Rule 3-16, the undersigned certifies that as of this date, other than the

named parties, there is no such interest to report.

                                    LAW OFFICES OF GAYLA B. LIBET

Dated: 7-4-07        By: /s/ Gayla B. Libet
                                    GAYLA B. LIBET, Esq.
                                    Attorneys for Plaintiffs

CERTIFICATION OF INTERESTED ENTITIES OR PERSONS                                              1

JOHN L. BURRIS, Esq./ State Bar # 69888
LAW OFFICES OF JOHN L. BURRIS
7677 Oakport Street, Suite 1120
Oakland, CA 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882

GAYLA B. LIBET, Esq./ State Bar # 109173
LAW OFFICES OF GAYLA B. LIBET
486 41st Street, # 3
Oakland, CA 94609
Telephone and Facsimile: (510) 420-0324

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LIONEL N. ALLEN; RALPH P. DAVIS;  ) Action No. C07-03509
MICHAEL OATEZ; MONICA OATEZ;      )
M.O., a minor, by and through her guardian ) COMPLAINT FOR VIOLATION
ad litem, MICHAEL OATEZ; MICHAEL  ) OF CIVIL RIGHTS AND DAMAGES
A. FLEURY; and, JOHNNY D. STOKES, )
                                  )
         Plaintiffs,              )
                                  )
vs.                               )
                                  )
CITY OF SAN LEANDRO, a municipal corporation; )
JOSEPH KITCHEN, in his capacity as Chief of Police )
for CITY OF SAN LEANDRO; and, DOES 1-25, )
inclusive, individually, and in their capacity as )
San Leandro police officers, )
                                  )
         Defendants.              )
_____ /

## JURISDICTION

1. This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Sections 1331 and 1343. The unlawful acts and practices alleged herein occurred in the City of San Leandro, California, which is within this judicial district. Venue is conferred upon this Court by Title 28 United States

Code Section 1391(b).

## PARTIES

2. Plaintiffs are, and at all times herein mentioned were, citizens of the United States residing in San Leandro and Union City, in the County of Alameda, California.

3. Defendant CITY OF SAN LEANDRO (hereinafter referred to as "CITY") is a municipal corporation, duly organized and existing under the laws of the State of California. At all times herein mentioned, defendant, JOSEPH KITCHEN, was the Chief of Police for the CITY. Defendant, JOSEPH KITCHEN, is sued herein in his capacity as the Chief of Police for the CITY.

4. At all times mentioned herein, defendant DOES 1-25, inclusive, were employed by defendant CITY as police officers. Defendant police officers are sued herein individually, and in their capacity as police officers for defendant CITY. In engaging in the conduct described herein, defendant police officers acted under color of law and in the course and scope of their employment by defendant CITY. In engaging in the conduct described herein, defendant police officers exceeded the authority vested in them as police officers under the United States and California Constitutions and as police officers employed by defendant CITY.

5. DOES 1-10, inclusive, are defendant police officers employed by defendant CITY, acting within the course and scope of their employment by defendant CITY, who were directly involved in the wrongful and excessive use of force against plaintiffs, and the wrongful and false detention and arrests of plaintiffs, as described hereinafter.

6. DOES 11-25, inclusive, are defendant police officers employed by defendant CITY, acting within the course and scope of their employment by defendant CITY, who were employed in a supervisory capacity by defendant CITY and were responsible in some manner for properly and adequately hiring, retaining, supervising, disciplining, and training named defendant police officers employed by the CITY in the proper and reasonable use of force, effecting proper detentions and arrests, and treating persons in a manner that is not racially discriminatory.

7. Plaintiffs are ignorant of the true names and capacities of defendant DOES 1-25, inclusive, and therefore sues these defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each defendant so named is responsible in some manner for the injuries and

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES

damages suffered by plaintiffs as set forth herein. Plaintiffs will amend their Complaint to state the true names and capacities of defendants DOES 1 through 25, inclusive, when they have been ascertained.

8. In engaging in the conduct described herein, defendant police officers acted under the color of law and in the course and scope of their employment with defendant CITY. In engaging in the conduct described herein, defendant police officers exceeded the authority vested in them as police officers under the United States and California Constitutions, and as employees of defendant CITY.

9. For State causes of action related to Federal claims, plaintiffs are required to comply with an administrative claim requirement under California law. Plaintiffs have complied with all applicable requirements.

## STATEMENT OF FACTS

10. On 7-4-06, at approximately 9:00 p.m., plaintiffs were all at plaintiff LIONEL N. ALLEN's house, located at 543 Dowling Blvd., in San Leandro, California, where LIONEL ALLEN was hosting a fourth of July celebration, attended by approximately twenty (20) adults and children. Plaintiffs LIONEL ALLEN and RALPH P. DAVIS walked toward DAVIS' car, as plaintiff DAVIS was about to leave the party. As plaintiff DAVIS reached his car, he realized h did not have his keys, so plaintiff ALLEN went to retrieve them for him. Plaintiff DAVIS started to walk across the street toward plaintiff ALLEN to retrieve his keys from him. When plaintiff DAVIS reached the middle of the street, he noticed headlights coming at a high rate of speed towards him from Bancroft Street. Plaintiffs DAVIS and ALLEN then walked back towards plaintiff DAVIS' car on the opposite side of the street. As the speeding car approached them, plaintiffs ALLEN and DAVIS notice that the four to five men in that speding car were undercover police officers. The speeding car stoppped right in front of plaintiffs ALLEN and DAVIS.

11. At that time, approximately six (6) San Leandro Police Dept. (hereinafter referred to as "SLPD") and SLPD Swat team vehicles pulled up at a high rate of speed, and then stopped right near where the first undercover SLPD car had stopped in directly in front of plaintiffs DAVIS and ALLEN. At that point, several defendant DOE officers jumped out of their vehicles, and without

any just provocation or cause, drew their guns (which appeared to be rifles or assault weapons) and pointed them directly at plaintiffs DAVIS and ALLEN. One of the defendant officers shouted repeatedly, "Motherfucker, face down on the ground or I will kill you!"

12. Despite the fact that plaintiffs DAVIS and ALLEN complied with defendant officers, by lying face down on the ground, one of defendant officers, without any just provocation or cause, one of defendant officers proceeded to assault and batter plaintiff DAVIS, in that he violently grabbed him by his left arm, injuring his shoulder, turned him over onto his back, and continued to point his gun directly at plaintiff DAVIS' face, while another defendant officer conducted a search of plaintiff DAVIS' person. When plaintiff DAVIS pleaded for his life to the defendant officer, said officer shoved his gun harder at plaintiff DAVIS' face and shouted, "Shut the fuck up."

13. At the same time defendant officers were assaulting and battering plaintiff DAVIS, at least two (2) other defendant officers were assaulting and battering plaintiff ALLEN, without any just provocation or cause, in that said officers were kicking plaintiff ALLEN in his body and legs.

14. While plaintiffs ALLEN and DAVIS were being assaulted and battered by defendant SLPD officers, other defendant SLPD officers were swarming into plaintiff ALLEN's house, and ordering women and children at gunpoint to come out of the house, all without any just provocation or cause. Several teenagers were thrown to the ground at gunpoint by defendant officers, kneed in their backs, and forced to lie down and be handcuffed, all without any just provocation or cause.

15. Plaintiffs MICHAEL OATEZ; MONICA OATEZ; their minor daughter, M.O.; and JOHNNY D. STOKES, were among the people rudely ordered out of plaintiff ALLEN's house by defendant officer, and assaulted and battered, without any just provocation or cause. In the case of minor plaintiff, M.O., she was not assaulted or battered, but she was screaming in fear as she watched her parents MICHAEL OATEZ and MONICA OATEZ being wrongfully assaulted and battered by defendant SLPD officers for no reason. Minor plaintiff, M.O., was also frightened by the whole scene, and everything defendant SLPD officers had done and were doing to plaintiffs, as set forth hereinabove.

16. Plaintiff, MICHAEL A. FLEURY, a neighbor who just happened to be standing on the

sidewalk in front of his house while defendant officers were assaulting and battering plaintiffs ALLEN and DAVIS, and then assaulting the other plaintiffs in this case and ransacking plaintiff ALLEN's house, was handcuffefd and ordered at gunpoint to lie face down on the ground, without any just provocation or cause.

17. Finally, an officer who appeared to be the Lieutenant in charge, established that the officers had raided the wrong house, and attacked the wrong people, and that defendant officers were actually looking for other people at another house when they committed the wrongful actions against plaintiffs stated hereinabove. Said Lieutenant SLPD defendant officer then ordered all plaintiffs be released from custody; and offered a cursory apology, handed out his business card to a few people, and left the scene, along with all the other defendant SLPD officers.

18. Plaintiffs had not done anything to provoke this assault upon them, and did nothing to physically resist these officers during their assault on them. Further, plaintiffs were unarmed. Further, plaintiffs complied with all orders given to them during this incident by defendant DOE SLPD officers.

19. The above-described assault and battery, and wrongful detention of plaintiffs by defendant police officers was brutal, malicious, and was done without any just provocation or cause, proximately causing injuries and damages to plaintiffs.

## DAMAGES

20. As the direct and proximate result of defendants' wrongful conduct, including assault and battery; false arrest and imprisonment; and violation of civil rights, plaintiffs were injured and damaged, as set forth herein.

21. As a direct and proximate result of defendant officers' wrongful conduct, plaintiffs suffered the following injuries and damages:

   a. Violation of their constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of their persons;

   b. Loss of physical liberty;

   c. Physical injuries, pain and suffering, emotional trauma and suffering, and medical expenses;

   d. Violations of the following clearly established and well-settled federal constitutional rights

include but are not limited to: (1) freedom from unreasonable search and seizure of their persons under the Fourth Amendment to the United States Contitution; and, (2) right to equal protection under the Fourteenth Amendment to the United States Constitution;

    e. The conduct of named defendant police officers; and DOES 1-10, inclusive, was malicious, wanton, and oppressive. Plaintiffs are therefore entitled to an award of punitive damages against said defendant police officers; and,

    f. Plaintiffs found it necessary to engage the services of private counsel to vindicate their rights under the law. Plaintiffs are therefore entitled to an award of all attorney's fees incurred in relation to this action for violation of their civil rights.

### FIRST CAUSE OF ACTION
### (42 U.S.C. Section 1983)
### (Against defendant police officers DOES 1-10, inclusive)

22. Plaintiffs hereby reallege and incorporate by reference herein paragraphs 1 through 21 of this Complaint.

23. In doing the acts complained of herein, defendant police officers DOES 1-10, inclusive, acted under color of law to deprive plaintiffs of certain constitutionally protected rights including, but not limited to:

    a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth amendment to the United States Constitution;

    b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth amendments to the United States Constitution;

    c. The right to equal protection of the laws, as guaranteed by the Fourteenth amendment to the United States Constitution; and,

    d. The right to be free from interferences with the zone of privacy, as protected by the Fourth and Ninth Amendments to the United States Constitution.

WHEREFORE, plaintiffs pray for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION
(42 U.S.C. Section 1983)
(Against defendants CITY; JOSEPH KITCHEN; and DOES 11-25, inclusive)

24. Plaintiffs hereby reallege and incorporate by reference herein paragraphs 1 through 23 of this Complaint.

25. Plaintiffs are informed and believe and thereon allege that prior to the date of the subject incident on 7-4-06, defendant DOE police officers had a history of engaging in acts of assault and battery; effecting false arrests; and treating persons in a racially discriminatory manner, of which defendants CITY; JOSEPH KITCHEN; and DOES 11-25, inclusive, knew or reasonably should have known for some time prior to the subject incident involving plaintiffs.

26. Plaintiffs are informed and believe and thereon allege that despite having such notice of defendant DOE police officers' prior misconduct, defendants CITY; JOSEPH KITCHEN; and DOES 11-25, inclusive, approved, ratified, condoned, encouraged and/or tacitly authorized the continuing pattern and practice of misconduct and civil rights violations by defendant DOE police officers.

27. Plaintiffs are further informed and believe and thereon allege that as a result of the deliberate indifference, reckless and/or conscious disregard of the prior misconduct of defendant DOE police officers, defendants CITY; JOSEPH KITCHEN; and DOES 11-25, inclusive, approved, ratified, condoned, encouraged and/or tacitly authorized defendant DOE police officers, to continue their course of misconduct, resulting in the violation of plaintiffs' rights and injuries and damages to plaintiffs as alleged herein.

28. Defendant CITY, by and through its supervisory employees and agents, JOSEPH KITCHEN, Chief of Police for defendant CITY, and DOES 11-25, inclusive, has and had a mandatory duty of care imposed on it by the 4th and 14th Amendments to the United States Constitution, to properly and adequately hire, train, retain, supervise, and discipline its police officer employees so as to avoid unreasonable risk of harm to citizens as the proximate result of CITY police officers assaulting and battering, effecting false arrests and imprisonments, and/or subjecting persons to racially discriminatorily motivated misconduct. With deliberate indifference, defendants CITY, JOSEPH KITCHEN, and DOES 11-25, inclusive, failed to take necessary, proper, or adequate

measures in order to prevent the violation of plaintiffs' rights and injuries to plaintiffs. With deliberate indifference, defendants CITY, JOSEPH KITCHEN, and DOES 11-25, inclusive, breached their duty of care to plaintiffs in that they: (1) failed to adequately hire, retain, supervise, discipline, and train police officers, including defendant DOE police officers, in proper use of force; effecting proper reasonable arrests; and treating citizens in a manner that is not racially discriminatory; (2) failed to have adequate policies and procedures regarding proper use of force, effecting proper arrests; and treating citizens in a manner that is not racially discriminatory; (3) acted with deliberate indifference, in reckless and/or conscious disregard of the prior misconduct of defendant DOE police officers, and, (4) approved, ratified, condoned, encouraged and/or tacitly authorized defendant DOE police officers to continue their course of misconduct of effecting false arrests and imprisonments and treating citizens in a manner that is racially discriminatory, resulting in violation of plaintiffs' rights, and injuries and damages to plaintiffs as alleged herein..

29. This lack of adequate hiring, retention, supervision, training, and discipline of defendant DOE police officers demonstrates the existence of an informal custom or policy of promoting, tolerating, and/or ratifying the continuing use of excessive unreasonable force; wrongful false arrests; and treating persons in a racially discriminatory manner by police officers employed by defendant CITY.

30. The above-described misconduct by defendants CITY; JOSEPH KITCHEN; and DOES 11-25, inclusive, resulted in the deprivation of plaintiffs' constitutional rights, including but not limited to the following:

a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth amendment to the United States Constitution;

b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth amendments to the United States Constitution;

c. The right to equal protection of the laws, as guaranteed by the Fourteenth amendment to the United States Constitution; and,

d. The right to be free from interferences with the zone of privacy, as protected by the Fourth and Ninth Amendments to the United States Constituiion.

Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

31. Further, the acts of named defendant police officers alleged herein are a direct and proximate result of the abovementioned wrongful conduct of defendants CITY; JOSEPH KITCHEN; and DOES 11-25, inclusive. Plaintiffs' injuries and damages were a foreseeable and proximate result of the the abovementioned wrongful conduct of named defendant police officers, and the abovementioned wrongful conduct of CITY; JOSEPH KITCHEN; and DOES 11-25, inclusive.

WHEREFORE, plaintiffs pray for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
(Assault and Battery)
(Against defendant police officers DOES 1-10, inclusive)

32. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 31 of this Complaint.

33. Named defendant police officers and defendants DOES 1-10, inclusive, placed plaintiffs in immediate fear of death and severe bodily harm by assaulting and battering them without any just provocation or cause. Said defendants' conduct was neither privileged nor justified under statute or common law.

34. As a proximate result of said defendants' conduct, plaintiffs suffered damages as hereinafter set forth.

WHEREFORE, plaintiffs pray for relief as hereinafter set forth.

### FOURTH CAUSE OF ACTION
(False Arrest and Imprisonment)
(Against defendant police officers DOES 1-10, inclusive)

35. Plaintiffs hereby reallege and incorporate by reference herein paragraphs 1 through 34 of this Complaint.

36. Defendant police officers DOES 1-10, inclusive, falsely detained and/or arrested and imprisoned plaintiffs.

37. Said defendant officers falsely arrested and imprisoned plaintiffs without just provocation or

probable cause. Plaintiffs had not committed any crime, and there was no basis upon which defendant officers could have reasonably believed that plaintiffs had committed a crime.

38. Said defendant officers failed to observe proper or reasonable procedures in falsely detaining and/or arresting and imprisoning plaintiffs without probable cause.

39. As a proximate result of said defendants' conduct, plaintiffs suffered damages as hereinafter set forth.

WHEREFORE, plaintiffs pray for relief as hereinafter set forth.

### FIFTH CAUSE OF ACTION
**(Intentional Infliction of Emotional Distress)**
**(Against defendant police officers DOES 1-10, inclusive)**

40. Plaintiffs hereby reallege and incorporate by reference herein paragraphs 1 through 39 of this Complaint.

50. The conduct of defendant police officers DOES 1-10, inclusive, as set forth herein, was extreme and outrageous and beyond the scope of conduct which should be tolerated by citizens in a democratic and civilized society. Said defendants committed the aforementioned extreme and outrageous acts with the intent to inflict severe mental and emotional distress upon plaintiffs.

51. As a proximate result of said defendant officers' willful, intentional and malicious conduct, plaintiffs suffered severe and extreme mental and emotional distress. Therefore, plaintiffs are entitled to an award of punitive damages against said defendants. Plaintiffs have suffered injuries and damages as hereinafter set forth.

WHEREFORE, plaintiffs pray for relief as hereinafter set forth.

### SIXTH CAUSE OF ACTION
**(Violation of Civil Code Section 52.1)**
**(Against defendant police officers DOES 1-10, inclusive)**

52. Plaintiffs hereby reallege and incorporate by reference herein paragraphs 1 through 51 of this Complaint.

53. The conduct of defendant police officers DOES 1-10, inclusive, as described herein, acting in the course and scope of their employment for defendant CITY, violated California Civil Code Section 52.1, in that they interfered with plaintiffs' exercise and enjoyment of their civil rights, by assaulting and battering, and wrongfully arresting and imprisoning plaintiffs. Further, said

defendant officers violated plaintiffs' right to be from racial discrimination pursuant to the 14th Amendment of the U.S. Constitution; California Constitution; and various federal and California statutes, including California Civil Code Section 52.1, in that their misconduct towards plaintiffs was motivated by racial animus.

54. As a direct and proximate result of said defendants' violation of Civil Code Section 52.1, plaintiffs suffered violation of their constitutional rights, and suffered damages as set forth herein.

55. Plaintiffs are entitled to injunctive relief and an award of their reasonable attorney's fees pursuant to Civil Code Section 52.1(h).

WHEREFORE, plaintiffs pray for relief, as hereinafter set forth.

### SEVENTH CAUSE OF ACTION
(Negligence)
(Against defendant police officers DOES 1-10, inclusive)

56. Plaintiffs hereby reallege and incorporate by reference herein paragraphs 1 through 55 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

57. At all times herein mentioned, defendant police officers DOES 1-10, inclusive, were subject to a duty of care to avoid causing injuries and damages to persons by not using excessive unreasonable on them, and by not effecting wrongful detentions and arrests. The wrongful conduct of said defendants, as set forth herein, did not comply with the standard of care to be exercised by reasonable police officers acting in similar circumstances, proximately causing plaintiffs to suffer injuries and damages as set forth herein.

58. As a proximate result of said defendants' negligent conduct, plaintiffs suffered severe emotional and mental distress and injury having a traumatic effect on plaintiffs' emotional tranquility, and damages.

WHEREFORE, plaintiffs pray for relief as hereinafter set forth.

### EIGHTH CAUSE OF ACTION
(Negligent Hiring, Retention, Training, Supervision, and Discipline)
(Against defendants CITY; JOSEPH KITCHEN; and DOES 11-25, inclusive)

59. Plaintiffs hereby reallege and incorporate by reference herein paragraphs 1 through 58 of this

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES                                11

Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

60. Plaintiffs are informed and believe and thereon allege that prior to the date of the subject incident on 7-4-06, defendant police officers DOES 1-10, inclusive, had a history of engaging in acts of assault and battery; effecting false arrests, and treating persons in a racially discriminatory manner, of which defendants CITY; JOSEPH KITCHEN; and DOES 11-25, inclusive, knew or reasonably should have known for some time prior to the subject incident involving plaintiffs.

61. Plaintiffs are informed and believe and thereon allege that despite having such notice of named defendant police officers' prior misconduct, defendants CITY; JOSEPH KITCHEN; and DOES 11-25, inclusive, negligently ratified, condoned, encouraged and/or tacitly authorized the continuing misconduct and civil rights violations by said DOE defendant police officers, of using excessive unreasonable force; effecting false arrests; and treating persons in a racially discriminatory manner.

62. Plaintiffs are further informed and believe and thereon allege that as a result of their reckless and/or conscious disregard of the prior misconduct of named defendant police officers, defendants CITY; JOSEPH KITCHEN; and DOES 11-25, inclusive, approved, ratified, condoned, encouraged and/or tacitly authorized said DOE defendant police officers to continue their course of misconduct, resulting in the violation of plaintiffs' rights and injuries and damages to plaintiffs as alleged herein.

63. Defendant CITY, by and through its supervisory employees and agents, JOSEPH KITCHEN, Chief of Police for CITY, and DOES 11-25, inclusive, has and had a mandatory duty of care imposed on it by the 4th and 14th Amendments to the United States Constitution, to properly and adequately hire, train, retain, supervise, and discipline its police officer employees so as to avoid unreasonable risk of harm to citizens as the proximate result of CITY police officers using excessive unreasonable force; effecting false arrests and imprisonments; and/or subjecting persons to racially discriminatorily motivated misconduct. CITY; JOSEPH KITCHEN; and DOES 11-25, inclusive, negligently failed to take necessary, proper, or adequate measures in order to prevent the violation of plaintiffs' rights and injuries to plaintiffs. Defendants CITY; JOSEPH KITCHEN; and DOES 11-25, inclusive, breached their duty of care to plaintiffs in that they: (1) negligently failed to

adequately hire, retain, supervise, discipline, and train police officers, including said DOE defendant police officers, in using proper and reasonable force; effecting proper reasonable arrests; and treating persons in a manner that is not racially discriminatory; (2) negligently failed to have adequate policies and procedures regarding use of reasonable force; effecting proper arrests; and treating persons in a manner that is not racially discriminatory; (3) acted with reckless and/or conscious disregard of the prior misconduct of said DOE defendant police officers, by failing to adequately hire, retain, supervise, discipline, and train police officers, including said DOE defendant police officers, in use of reasonable force; effecting proper reasonable arrests; and treating persons in a manner that is not racially discriminatory; and, (4) approved, ratified, condoned, encouraged and/or tacitly authorized said DOE defendant police officers, to continue their course of misconduct, resulting in the violation of plaintiffs' rights, and injuries and damages to plaintiffs as alleged herein.

64. The above-described negligent misconduct by defendants CITY; JOSEPH KITCHEN; and DOES 11-25, inclusive, resulted in the deprivation of plaintiffs' constitutional rights, including but not limited to the following:

   a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth amendment to the United States Constitution;

   b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth amendments to the United States Constitution;

   c. The right to equal protection of the laws, as guaranteed by the Fourteenth amendment to the United States Constitution; and,

   d. The right to be free from interferences with the zone of privacy, as protected by the Fourth and Ninth Amendments to the United States Constitution.

Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

65. Further, the acts of defendant police officers DOES 1-10, inclusive, alleged herein, are a direct and proximate result of the abovementioned negligent wrongful conduct of defendants CITY; JOSEPH KITCHEN; and DOES 11-25, inclusive. Plaintiffs' injuries and damages were a

foreseeable and proximate result of the the abovementioned wrongful conduct of defendant police officers DOES 1-10, inclusive, and the abovementioned wrongful conduct of CITY; JOSEPH KITCHEN; and DOES 11-25, inclusive.

66. Defendant CITY is liable to plaintiffs pursuant to Govt. Code Section 815.6; and defendants JOSEPH KITCHEN; and DOES 11-25, inclusive, are liable to plaintiffs pursuant to Govt. Code Sections 820.2 and 820.4, for plaintiffs' injuries and damages hereinafter set forth.

WHEREFORE, plaintiffs pray for relief as hereinafter set forth.

### NINTH CAUSE OF ACTION
### (Vicarious Liability)
### (Against defendant CITY OF SAN LEANDRO)

67. Plaintiffs hereby reallege and incorporate by reference herein paragraphs 1 through 66 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

68. Pursuant to Government Code Section 815.2(a), defendant CITY OF SAN LEANDRO is vicariously liable to plaintiffs for their injuries and damages suffered as alleged herein, incurred as a proximate result of the aforementioned intentional and negligent wrongful conduct of defendant police officers DOES 1-25, inclusive, as set forth in plaintiffs' First Cause of Action, and Third through Eighth Causes of Action herein.

69. As a proximate result of defendants' conduct, plaintiffs suffered injuries and damages as hereinafter set forth.

WHEREFORE, plaintiffs pray for relief as hereinafter set forth.

### JURY DEMAND

70. Plaintiffs hereby demand a jury trial in this action.

### PRAYER

WHEREFORE, plaintiffs pray for relief, as follows:

1. For general damages in the sum of $ 1,000,000.00;
2. For special damages according to proof;
3. For punitive damages against defendant police officers DOES 1-10, inclusive, according to proof;

4. For injunctive relief enjoining defendant CITY OF SAN LEANDRO from authorizing, allowing, or ratifying the practice by any of their employees from using unreasonable excessive force; effecting unreasonable and improper arrests and imprisonments of persons; and, from treating persons in a manner that is racially discriminatory, pursuant to California Civil Code Section 52.1;

5. For violation of California Civil Code 52 and 52.1, punitive damages against defendant police officers DOES 1-10, inclusive; $ 75,000.00 for each offense; and reasonable attorney's fees;

6. For reasonable attorney's fees pursuant to 42 U.S.C. Sections 1983 and 1988;

7. For costs of suit herein incurred; and,

8. For such other and further relief as the Court deems just and proper.

LAW OFFICES OF GAYLA B. LIBET

Dated: 7-3-07        By: *[signature]*
GAYLA B. LIBET, Esq.
Attorneys for Plaintiffs

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES            15