1  JOHN L. BURRIS, Esq./ State Bar # 69888
   LAW OFFICES OF JOHN L. BURRIS
2  7677 Oakport Street, Suite 1120
   Oakland, CA 94621
3  Telephone: (510) 839-5200
4  Facsimile:  (510) 839-3882

5  GAYLA B. LIBET, Esq./ State Bar # 109173
6  LAW OFFICES OF GAYLA B. LIBET
   486  41st Street, Suite 3
7  Oakland, CA 94609
   Telephone and Facsimile:  (510) 420-0324
8
9  Attorneys for Plaintiffs

10

11                    UNITED STATES DISTRICT COURT

12                   NORTHERN DISTRICT OF CALIFORNIA

13

14  LIONEL N. ALLEN; RALPH P. DAVIS;          Action No. C-07-03509-PJH
    MONICA OATEZ; MICHAEL OATEZ;
15  MARWAN OATEZ; JOHNNY D. STOKES,           **FIRST AMENDED COMPLAINT
16  and, MICHAEL A. FLEURY,                   FOR VIOLATION OF CIVIL RIGHTS
                                              AND DAMAGES**
17                    Plaintiffs,

18  vs.

19
    CITY OF SAN LEANDRO, a municipal corporation;
20  JOSEPH KITCHEN, in his capacity as Chief of Police
21  for CITY OF SAN LEANDRO; and, DOES 1-25,
    inclusive, individually, and in their capacity as
22  San Leandro police officers,

23
                      Defendants.              /
24

25                         **JURISDICTION**

26    1. This action arises under Title 42 of the United States Code, Section 1983.  Jurisdiction is

27  conferred upon this Court by Title 28 of the United States Code, Sections 1331 and 1343.

28  The unlawful acts and practices alleged herein occurred in the City of San Leandro, California,

1  which is within this judicial district.  Venue is conferred upon this Court by Title 28 United

2  States Code Section 1391(b).

3  **PARTIES**

4  2. Plaintiffs are, and at all times herein mentioned were, citizens of the United States residing

5  in San Leandro, and other cities in the County of Alameda, California.

6  3. Defendant CITY OF SAN LEANDRO (hereinafter referred to as "CITY") is a municipal

7  corporation, duly organized and existing under the laws of the State of California.  At all times

8  herein mentioned, defendant, JOSEPH KITCHEN, was the Chief of Police for the CITY.

9  Defendant, JOSEPH KITCHEN, is sued herein in his capacity as the Chief of Police for the

10  CITY.

11  4. At all times mentioned herein, defendant DOES 1-25, inclusive, were employed by

12  defendant CITY as police officers.  Defendant police officers are sued herein individually, and in

13  their capacity as police officers for defendant CITY.  In engaging in the conduct described herein,

14  defendant police officers acted under color of law and in the course and scope of their

15  employment by defendant CITY.  In engaging in the conduct described herein, defendant police

16  officers exceeded the authority vested in them as police officers under the United States and

17  California Constitutions and as police officers employed by defendant CITY.

18  5. DOES 1-10, inclusive, are defendant police officers employed by defendant CITY, acting

19  within the course and scope of their employment by defendant CITY, who were directly involved

20  in the wrongful and excessive use of force against plaintiffs, and the wrongful and false detention

21  and arrests of plaintiffs, as described hereinafter.

22  6. DOES 11-25, inclusive, are defendant police officers employed by defendant CITY, acting

23  within the course and scope of their employment by defendant CITY, who were employed in a

24  supervisory capacity by defendant CITY and were responsible in some manner for properly and

25  adequately hiring, retaining, supervising, disciplining, and training named defendant police

26  officers employed by the CITY in the proper and reasonable use of force, effecting proper

27  detentions and arrests, and treating persons in a manner that is not racially discriminatory.

7. Plaintiffs are ignorant of the true names and capacities of defendant DOES 1-25, inclusive, and therefore sues these defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each defendant so named is responsible in some manner for the injuries and damages suffered by plaintiffs as set forth herein. Plaintiffs will amend their Complaint to state the true names and capacities of defendants DOES 1 through 25, inclusive, when they have been ascertained.

8. In engaging in the conduct described herein, defendant police officers acted under the color of law and in the course and scope of their employment with defendant CITY. In engaging in the conduct described herein, defendant police officers exceeded the authority vested in them as police officers under the United States and California Constitutions, and as employees of defendant CITY.

9. For State causes of action related to Federal claims, plaintiffs are required to comply with an administrative claim requirement under California law. Plaintiffs have complied with all applicable requirements.

## STATEMENT OF FACTS

10. On 7-4-06, at approximately 9:00 p.m., plaintiffs were all at plaintiff LIONEL N. ALLEN's house, located at 543 Dowling Blvd., in San Leandro, California, where LIONEL ALLEN was hosting a fourth of July celebration, attended by approximately twenty (20) adults and children. Plaintiffs LIONEL ALLEN and RALPH P. DAVIS walked toward DAVIS' car, as plaintiff DAVIS was about to leave the party. As plaintiff DAVIS reached his car, he realized he did not have his keys, so plaintiff ALLEN went to retrieve them for him. Plaintiff DAVIS started to walk across the street toward plaintiff ALLEN to retrieve his keys from him. When plaintiff DAVIS reached the middle of the street, he noticed headlights coming at a high rate of speed towards him from Bancroft Street. Plaintiffs DAVIS and ALLEN then walked back towards plaintiff DAVIS' car on the opposite side of the street. As the speeding car approached them, plaintiffs ALLEN and DAVIS notice that the four to five men in that speeding car were undercover police officers. The speeding car stopped right in front of plaintiffs ALLEN and

DAVIS.

11. At that time, approximately six (6) San Leandro Police Dept. (hereinafter referred to as "SLPD") and SLPD Swat team vehicles pulled up at a high rate of speed, and then stopped right near where the first undercover SLPD car had stopped in directly in front of plaintiffs DAVIS and ALLEN. At that point, several defendant DOE officers jumped out of their vehicles, and without any just provocation or cause, drew their guns (which appeared to be rifles or assault weapons) and pointed them directly at plaintiffs DAVIS and ALLEN. One of the defendant officers shouted repeatedly, "Motherfucker, face down on the ground or I will kill you!"

12. Despite the fact that plaintiffs DAVIS and ALLEN complied with defendant officers, by lying face down on the ground, one of defendant officers, without any just provocation or cause, one of defendant officers proceeded to assault and batter plaintiff DAVIS, in that he violently grabbed him by his left arm, injuring his shoulder, turned him over onto his back, and continued to point his gun directly at plaintiff DAVIS' face, while another defendant officer conducted a search of plaintiff DAVIS' person. When plaintiff DAVIS pleaded for his life to the defendant officer, said officer shoved his gun harder at plaintiff DAVIS' face and shouted, "Shut the fuck up."

13. At the same time defendant officers were assaulting and battering plaintiff DAVIS, at least two (2) other defendant officers were assaulting and battering plaintiff ALLEN, without any just provocation or cause, in that said officers were kicking plaintiff ALLEN in his body and legs.

14. While plaintiffs ALLEN and DAVIS were being assaulted and battered by defendant SLPD officers, other defendant SLPD officers were swarming into plaintiff ALLEN's house, ordering women and children at gunpoint to come out of the house, and terrifying everyone present, including children, who were screaming in fear, all without any just provocation or cause.

15. Plaintiffs MONICA OATEZ, MICHAEL OATEZ, MARWAN OATEZ, and JOHNNY D. STOKES, were among the people ordered out of plaintiff ALLEN's house by defendant

1   officers with guns pointed at their faces, and assaulted and battered, without any just provocation
2   or cause.  Plaintiffs MICHAEL OATEZ, MARWAN OATEZ, and JOHNNY STOKES were all
3   thrown to the ground at gunpoint by defendant officers, kneed in their backs, forced to lie down
4   and be handcuffed, kicked, and wrongfully detained, all without any just provocation or cause.
5   Plaintiff MONICA OATEZ was assaulted and battered in that defendant officers wrongfully
6   pointed guns in her face, and wrongfully detained her.  Further, she suffered severe and extreme
7   emotional distress due to seeing her two sons, plaintiffs MICHAEL OATEZ and MARWAN
8   OATEZ, assaulted and battered by defendant police officers, as described hereinabove.

9       16.  Around the same time that the above plaintiffs were assaulted and battered and falsely
10   arrested or detained, plaintiff, MICHAEL A. FLEURY, had just attended a barbecue at a friend's
11   house on Dowling Street in San Leandro.  He left and went to his car.  As he was about to open
12   his car door to get in, a car came speeding directly toward him with bright lights on.  Since it
13   looked like the car was going to hit him, plaintiff FLEURY ran to the sidewalk, and stopped
14   there.  At that point, a SLPD defendant officer, wearing jeans and a jacket approached plaintiff
15   FLEURY with his gun drawn, and said, "Put your hands up in the air."  At that time, that
16   defendant did not identify himself as a police officer.  Plaintiff FLEURY later learned that this
17   man was a defendant police officer..  Plaintiff FLEURY complied and put his hands up in the air,
18   and then saw a police car pull up behind this defendant officer who was pointing his gun at
19   plaintiff FLEURY.  Plaintiff FLEURY said, "Whoever you are looking for, you have the wrong
20   person."

21       17.  The defendant officer responded, "Shut up, and get on the ground.", and plaintiff
22   FLEURY complied.  Plaintiff was asked for his name and address and identication, and he
23   complied.  Then, after several minutes, defendant officers handcuffed plaintiff FLEURY very
24   roughly yanking his arms, and stood him up.   Plaintiff FLEURY could then see about 15 to 18
25   police cars, police dogs, and some police officers with assault rifles.  As the defendant officers
26   walked plaintiff FLEURY to a police car, he saw other police officers mistreating other people,
27   including children, who came out of a white house.  After sitting in the back of a police car for
28

1    20-40 minutes, two police officers said that they thought they had the wrong person, eventually
2    released plaintiff FLEURY from the police car, and told him he could go.

3    18. Plaintiff FLEURY's shoulder and knee were injured by defendant officers' assault and
4    battery upon him, and he suffers anxiety attacks as the result of defendant officers' assault and
5    battery and false detention against him, which was done without any just provocation or cause.

6    19. Finally, an officer who appeared to be the Lieutenant in charge, established that defendant
7    officers had raided the wrong house, and attacked the wrong people, and that defendant officers
8    were actually looking for other people at another house when they committed the wrongful
9    actions againt plaintiffs stated hereinabove. Said Lieutenant SLPD defendant officer then ordered
10   all plaintiffs be released from custody; and offered a cursory apology, handed out his business
11   card to a few people, and left the scene, along with all the other defendant SLPD officers.

12   20. Defendant officers assaulted and battered all plaintiffs in this case, ransacked plaintiff
13   ALLEN's house causing property loss and damages, and falsely detained all plaintiffs, all
14   without any just provocation or cause. Plaintiffs had not done anything to provoke this assault
15   upon them, and did nothing to physically resist these officers during their assault on them.
16   Further, plaintiffs were unarmed.  Further, plaintiffs complied with all orders given to them
17   during this incident by defendant DOE SLPD officers.
18
19   21. The above-described assault and battery, and wrongful detention of plaintiffs by
20   defendant police officers was brutal, malicious, and was done without any just provocation or
21   cause, proximately causing injuries and damages to plaintiffs.

22                                           **DAMAGES**

23   22. As the direct and proximate result of defendants' wrongful conduct, including assault and
24   battery; false arrest and imprisonment; and violation of civil rights, plaintiffs were injured and
25   damaged, as set forth herein.

26   23. As a direct and proximate result of defendant officers' wrongful conduct, plaintiffs
27   suffered the following injuries and damages:

28   a. Violation of their constitutional rights under the Fourth and Fourteenth Amendments to the

1  United States Constitution to be free from unreasonable search and seizure of their persons;

2     b.  Loss of physical liberty;

3     c.  Physical injuries, pain and suffering, emotional trauma and suffering, and medical
4  expenses;

5     d.  Violations of the following clearly established and well-settled federal constitutional rights
6  include but are not limited to: (1) freedom from unreasonable search and seizure of their persons
7  under the Fourth Amendment to the United States Contitution; and, (2) right to equal protection
8  under the Fourteenth Amendment to the United States Constitution;

9     e.  The conduct of named defendant police officers; and DOES 1-10, inclusive, was
10  malicious, wanton, and oppressive.  Plaintiffs are therefore entitled to an award of punitive
11  damages against said defendant police officers; and,

12     f.  Plaintiffs found it necessary to engage the services of private counsel to vindicate their
13  rights under the law.  Plaintiffs are therefore entitled to an award of all attorney's fees incurred in
14  relation to this action for violation of their civil rights.
15

16  <center>**FIRST CAUSE OF ACTION**
**(42 U.S.C. Section 1983)**
17  **(Against defendant police officers DOES 1-10, inclusive)**</center>

18     24.  Plaintiffs hereby reallege and incorporate by reference herein paragraphs 1 through 23 of
19  this Complaint.

20     25.  In doing the acts complained of herein, defendant police officers DOES 1-10, inclusive,
21  acted under color of law to deprive plaintiffs of certain constitutionally protected rights
22  including, but not limited to:

23     a.  The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth
24  amendment to the United States Constitution;

25     b.  The right not to be deprived of life or liberty without due process of law, as guaranteed by
26  the Fifth and Fourteenth amendments to the United States Constitution;
27
28     c.  The right to equal protection of the laws, as guaranteed by the Fourteenth amendment to
the United States Constitution; and,

d. The right to be free from interferences with the zone of privacy, as protected by the Fourth and Ninth Amendments to the United States Constitution.

WHEREFORE, plaintiffs pray for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION
### (42 U.S.C. Section 1983)
**(Against defendants CITY; JOSEPH KITCHEN; and DOES 11-25, inclusive)**

26. Plaintiffs hereby reallege and incorporate by reference herein paragraphs 1 through 25 of this Complaint.

27. Plaintiffs are informed and believe and thereon allege that prior to the date of the subject incident on 7-4-06, defendant DOE police officers had a history of engaging in acts of assault and battery; effecting false arrests; and treating persons in a racially discriminatory manner, of which defendants CITY; JOSEPH KITCHEN; and DOES 11-25, inclusive, knew or reasonably should have known for some time prior to the subject incident involving plaintiffs.

28. Plaintiffs are informed and believe and thereon allege that despite having such notice of defendant DOE police officers' prior misconduct, defendants CITY; JOSEPH KITCHEN; and DOES 11-25, inclusive, approved, ratified, condoned, encouraged and/or tacitly authorized the continuing pattern and practice of misconduct and civil rights violations by defendant DOE police officers.

29. Plaintiffs are further informed and believe and thereon allege that as a result of the deliberate indifference, reckless and/or conscious disregard of the prior misconduct of defendant DOE police officers, defendants CITY; JOSEPH KITCHEN; and DOES 11-25, inclusive, approved, ratified, condoned, encouraged and/or tacitly authorized defendant DOE police officers, to continue their course of misconduct, resulting in the violation of plaintiffs' rights and injuries and damages to plaintiffs as alleged herein.

30. Defendant CITY, by and through its supervisory employees and agents, JOSEPH KITCHEN, Chief of Police for defendant CITY, and DOES 11-25, inclusive, has and had a mandatory duty of care imposed on it by the 4th and 14th Amendments to the United States Constitution, to properly and adequately hire, train, retain, supervise, and discipline its police

1   officer employees so as to avoid unreasonable risk of harm to citizens as the proximate result of
2   CITY police officers assaulting and battering, effecting false arrests and imprisonments, and/or
3   subjecting persons to racially discriminatorily motivated misconduct. With deliberate
4   indifference, defendants CITY, JOSEPH KITCHEN, and DOES 11-25, inclusive, failed to take
5   necessary, proper, or adequate measures in order to prevent the violation of plaintiffs' rights and
6   injuries to plaintiffs. With deliberate indifference, defendants CITY, JOSEPH KITCHEN, and
7   DOES 11-25, inclusive, breached their duty of care to plaintiffs in that they: (1) failed to
8   adequately hire, retain, supervise, discipline, and train police officers, including defendant DOE
9   police officers, in proper use of force; effecting proper reasonable arrests; and treating citizens in
10  a manner that is not racially discriminatory; (2) failed to have adequate policies and procedures
11  regarding proper use of force; effecting proper arrests; and treating citizens in a manner that is
12  not racially discriminatory;
13  (3) acted with deliberate indifference, in reckless and/or conscious disregard of the prior
14  misconduct of defendant DOE police officers, and, (4) approved, ratified, condoned, encouraged
15  and/or tacitly authorized defendant DOE police officers to continue their course of misconduct of
16  effecting false arrests and imprisonments and treating citizens in a manner that is racially
17  discriminatory, resulting in violation of plaintiffs' rights, and injuries and damages to plaintiffs as
18  alleged herein..
19
20      31. This lack of adequate hiring, retention, supervision, training, and discipline of defendant
21  DOE police officers demonstrates the existence of an informal custom or policy of promoting,
22  tolerating, and/or ratifying the continuing use of excessive unreasonable force; wrongful false
23  arrests; and treating persons in a racially discriminatory manner by police officers employed by
24  defendant CITY.
25      32. The above-described misconduct by defendants CITY; JOSEPH KITCHEN; and
26  DOES 11-25, inclusive, resulted in the deprivation of plaintiffs' constitutional rights, including
27  but not limited to the following:
28      a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth

1  amendment to the United States Constitution;

2      b. The right not to be deprived of life or liberty without due process of law, as guaranteed by

3  the Fifth and Fourteenth amendments to the United States Constitution;

4      c. The right to equal protection of the laws, as guaranteed by the Fourteenth amendment to the

5  United States Constitution; and,

6      d. The right to be free from interferences with the zone of privacy, as protected by the Fourth

7  and Ninth Amendments to the United States Constitution.

8      Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the

9  United States Constitution.

10      33. Further, the acts of named defendant police officers alleged herein are a direct and

11  proximate result of the abovementioned wrongful conduct of defendants CITY; JOSEPH

12  KITCHEN; and DOES 11-25, inclusive.  Plaintiffs' injuries and damages were a foreseeable and

13  proximate result of the the abovementioned wrongful conduct of named defendant police

14  officers, and the abovementioned wrongful conduct of CITY; JOSEPH KITCHEN; and DOES

15  11-25, inclusive.

16      WHEREFORE, plaintiffs pray for relief as hereinafter set forth.

17

18                          **THIRD CAUSE OF ACTION**
                             **(Assault and Battery)**
19          **(Against defendant police officers DOES 1-10, inclusive)**

20      34. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 33 of this

21  Complaint.

22

23      35. Named defendant police officers and defendants DOES 1-10, inclusive, placed plaintiffs

24  in immediate fear of death and severe bodily harm by assaulting and battering them without any

25  just provocation or cause.  Said defendants' conduct was neither privileged nor justified under

26  statute or common law.

27

28      36. As a proximate result of said defendants' conduct, plaintiffs suffered damages as

1   hereinafter set forth.

2   WHEREFORE, plaintiffs pray for relief as hereinafter set forth.

3
4
5
### FOURTH CAUSE OF ACTION
**(False Arrest and Imprisonment)**
**(Against defendant police officers DOES 1-10, inclusive)**

6   37.  Plaintiffs hereby reallege and incorporate by reference herein paragraphs 1 through 36 of
7   this Complaint.

8   38.  Defendant police officers DOES 1-10, inclusive, falsely detained and/or arrested and
9   imprisoned plaintiffs.

10   39.  Said defendant officers falsely arrested and imprisoned plaintiffs without just provocation
11   or probable cause.  Plaintiffs had not committed any crime, and there was no basis upon which
12   defendant officers could have reasonably believed that plaintiffs had committed a crime.

13   40.  Said defendant officers failed to observe proper or reasonable procedures in falsely
14   detaining and/or arresting and imprisoning plaintiffs without probable cause.

15   41.  As a proximate result of said defendants' conduct, plaintiffs suffered damages as
16   hereinafter set forth.

17   WHEREFORE, plaintiffs pray for relief as hereinafter set forth.

18
19
20
### FIFTH CAUSE OF ACTION
**(Intentional Infliction of Emotional Distress)**
**(Against defendant police officers DOES 1-10, inclusive)**

21   42.  Plaintiffs hereby reallege and incorporate by reference herein paragraphs 1 through 41
22   of this Complaint.

23   43.  The conduct of defendant police officers DOES 1-10, inclusive, as set forth herein, was
24   extreme and outrageous and beyond the scope of conduct which should be tolerated by citizens in
25   a democratic and civilized society.  Said defendants committed the aforementioned extreme and
26   outrageous acts with the intent to inflict severe mental and emotional distress upon plaintiffs.

27   44.  As a proximate result of said defendant officers' willful, intentional and malicious
28   conduct, plaintiffs suffered severe and extreme mental and emotional distress.  Therefore,

1  plaintiffs are entitled to an award of punitive damages against said defendants. Plaintiffs have

2  suffered injuries and damages as hereinafter set forth.

3     WHEREFORE, plaintiffs pray for relief as hereinafter set forth.

4                          **SIXTH CAUSE OF ACTION**
5                      **(Violation of Civil Code Section 52.1)**
6          **(Against defendant police officers DOES 1-10, inclusive)**

7     45. Plaintiffs hereby reallege and incorporate by reference herein paragraphs 1 through 44

8  of this Complaint.

9     46. The conduct of defendant police officers DOES 1-10, inclusive, as described herein,

10  acting in the course and scope of their employment for defendant CITY, violated California Civil

11  Code Section 52.1, in that they interfered with plaintiffs' exercise and enjoyment of their civil

12  rights, by assaulting and battering, and wrongfully arresting and imprisoning plaintiffs. Further,

13  said defendant officers violated plaintiffs' right to be from racial discrimination pursuant to the

14  14th Amendment of the U.S. Constitution; California Constitution; and various federal and

15  California statutes, including California Civil Code Section 52.1, in that their misconduct

16  towards plaintiffs was motivated by racial animus.

17     47. As a direct and proximate result of said defendants' violation of Civil Code Section 52.1,

18  plaintiffs suffered violation of their constitutional rights, and suffered damages as set forth

19  herein.

20     48. Plaintiffs are entitled to injunctive relief and an award of their reasonable attorney's fees

21  pursuant to Civil Code Section 52.1(h).

22     WHEREFORE, plaintiffs pray for relief, as hereinafter set forth.

23                        **SEVENTH CAUSE OF ACTION**
24                              **(Negligence)**
25          **(Against defendant police officers DOES 1-10, inclusive)**

26     49. Plaintiffs hereby reallege and incorporate by reference herein paragraphs 1 through 48

27  of this Complaint, except for any and all allegations of intentional, malicious, extreme,

28  outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting

FIRST AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES

1  punitive damages.

2     50. At all times herein mentioned, defendant police officers DOES 1-10, inclusive, were

3  subject to a duty of care to avoid causing injuries and damages to persons by not using excessive

4  unreasonable on them, and by not effecting wrongful detentions and arrests.  The wrongful

5  conduct of said defendants, as set forth herein, did not comply with the standard of care to be

6  exercised by reasonable police officers acting in similar circumstances, proximately causing

7  plaintiffs to suffer injuries and damages as set forth herein.

8     51. As a proximate result of said defendants' negligent conduct, plaintiffs suffered severe

9  emotional and mental distress and injury having a traumatic effect on plaintiffs' emotional

10  tranquility, and damages.  Plaintiff MONICA OATEZ suffered additional severe and extreme

11  emotional distress due to seeing her two sons, plaintiffs MICHAEL OATEZ and MARWAN

12  OATEZ, assaulted and battered by defendant police officers, as described hereinabove.

13     WHEREFORE, plaintiffs pray for relief as hereinafter set forth.

14

15                  **EIGHTH CAUSE OF ACTION**
     **(Negligent Hiring, Retention, Training, Supervision, and Discipline)**
16     **(Against defendants CITY; JOSEPH KITCHEN; and DOES 11-25, inclusive)**

17     52. Plaintiffs hereby reallege and incorporate by reference herein paragraphs 1 through 51 of

18  this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous,

19  wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive

20  damages.

21     53. Plaintiffs are informed and believe and thereon allege that prior to the date of the subject

22  incident on 7-4-06,  defendant police officers DOES 1-10, inclusive, had a history of engaging in

23  acts of assault and battery; effecting false arrests, and treating persons in a racially discriminatory

24  manner, of which defendants CITY; JOSEPH KITCHEN; and DOES 11-25, inclusive, knew or

25  reasonably should have known for some time prior to the subject incident involving plaintiffs.

26     54. Plaintiffs are informed and believe and thereon allege that despite having such notice of

27  named defendant police officers' prior misconduct, defendants CITY; JOSEPH KITCHEN; and

28  DOES 11-25, inclusive, negligently ratified, condoned, encouraged and/or tacitly authorized the

1  continuing misconduct and civil rights violations by said DOE defendant police officers, of using

2  excessive unreasonable force; effecting false arrests; and treating persons in a racially

3  discriminatory manner.

4      55.  Plaintiffs are further informed and believe and thereon allege that as a result of their

5  reckless and/or conscious disregard of the prior misconduct of named defendant police officers,

6  defendants CITY; JOSEPH KITCHEN; and DOES 11-25, inclusive, approved, ratified,

7  condoned, encouraged and/or tacitly authorized said DOE defendant police officers to continue

8  their course of misconduct, resulting in the violation of plaintiffs' rights and injuries and

9  damages to plaintiffs as alleged herein.    56.  Defendant CITY, by and through its supervisory

10  employees and agents, JOSEPH KITCHEN, Chief of Police for CITY, and DOES 11-25,

11  inclusive, has and had a mandatory duty of care imposed on it by the 4th and 14th Amendments

12  to the United States Constitution, to properly and adequately hire, train, retain, supervise, and

13  discipline its police officer employees so as to avoid unreasonable risk of harm to citizens as the

14  proximate result of CITY police officers using excessive unreasonable force; effecting false

15  arrests and imprisonments; and/or subjecting persons to racially discriminatorily motivated

16  misconduct.  CITY; JOSEPH KITCHEN; and DOES 11-25, inclusive, negligently failed to take

17  necessary, proper, or adequate measures in order to prevent the violation of plaintiffs' rights and

18  injuries to plaintiffs. Defendants CITY; JOSEPH KITCHEN; and DOES 11-25, inclusive,

19  breached their duty of care to plaintiffs in that they:  (1) negligently failed to adequately hire,

20  retain, supervise, discipline, and train police officers, including said DOE defendant police

21  officers, in using proper and reasonable force; effecting proper reasonable arrests; and treating

22  persons in a manner that is not racially discriminatory; (2) negligently failed to have adequate

23  policies and procedures regarding use of reasonable force; effecting proper arrests; and treating

24  persons in a manner that is not racially discriminatory; (3) acted with reckless and/or conscious

25  disregard of the prior misconduct of said DOE defendant police officers, by failing to adequately

26  hire, retain, supervise, discipline, and train police officers, including said DOE defendant police

27  officers, in use of reasonable force; effecting proper reasonable arrests; and treating persons in a

28

1   manner that is not racially discriminatory; and, (4) approved, ratified, condoned, encouraged

2   and/or tacitly authorized said DOE defendant police officers, to continue their course of

3   misconduct, resulting in the violation of plaintiffs' rights, and injuries and damages to plaintiffs

4   as alleged herein.

5       57. The above-described negligent misconduct by defendants CITY; JOSEPH KITCHEN;

6   and DOES 11-25, inclusive, resulted in the deprivation of plaintiffs' constitutional rights,

7   including but not limited to the following:

8       a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth

9   amendment to the United States Constitution;

10      b. The right not to be deprived of life or liberty without due process of law, as guaranteed by

11  the Fifth and Fourteenth amendments to the United States Constitution;

12      c. The right to equal protection of the laws, as guaranteed by the Fourteenth amendment to the

13  United States Constitution; and,

14      d. The right to be free from interferences with the zone of privacy, as protected by the Fourth

15  and Ninth Amendments to the United States Constitution.

16      Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the

17  United States Constitution.

18      58. Further, the acts of defendant police officers DOES 1-10, inclusive, alleged herein, are a

19  direct and proximate result of the abovementioned negligent wrongful conduct of defendants

20  CITY; JOSEPH KITCHEN; and DOES 11-25, inclusive.  Plaintiffs' injuries and damages were a

21  foreseeable and proximate result of the the abovementioned wrongful conduct of defendant

22  police officers DOES 1-10, inclusive, and the abovementioned wrongful conduct of CITY;

23  JOSEPH KITCHEN; and DOES 11-25, inclusive.

24      59. Defendant CITY is liable to plaintiffs pursuant to Govt. Code Section 815.6; and

25  defendants JOSEPH KITCHEN; and DOES 11-25, inclusive, are liable to plaintiffs pursuant to

26  Govt. Code Sections 820.2 and 820.4, for plaintiffs' injuries and damages hereinafter set forth.

27      WHEREFORE, plaintiffs pray for relief as hereinafter set forth.

1

2

3

4

### NINTH CAUSE OF ACTION
#### (Vicarious Liability)
#### (Against defendant CITY OF SAN LEANDRO)

60.  Plaintiffs hereby reallege and incorporate by reference herein paragraphs 1 through 59 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

59.  Pursuant to Government Code Section 815.2(a), defendant CITY OF SAN LEANDRO is vicariously liable to plaintiffs for their injuries and damages suffered as alleged herein, incurred as a proximate result of the aforementioned intentional and negligent wrongful conduct of defendant police officers DOES 1-25, inclusive, as set forth in plaintiffs' First Cause of Action, and Third through Eighth Causes of Action herein.

60.  As a proximate result of defendants' conduct, plaintiffs suffered injuries and damages as hereinafter set forth.

WHEREFORE, plaintiffs pray for relief as hereinafter set forth.

### JURY DEMAND

61.  Plaintiffs hereby demand a jury trial in this action.

### PRAYER

WHEREFORE, plaintiffs pray for relief, as follows:

1.  For general damages in the sum of $ 1,000,000.00;

2.  For special damages according to proof;

3.  For punitive damages against defendant police officers DOES 1-10, inclusive, according to proof;

4.  For injunctive relief enjoining defendant CITY OF SAN LEANDRO from authorizing,

1    allowing, or ratifying the practice by any of their employees from using unreasonable excessive

2    force; effecting unreasonable and improper arrests and imprisonments of persons; and, from

3    treating persons in a manner that is racially discriminatory, pursuant to California Civil Code

4    Section 52.1;

5        5. For violation of California Civil Code 52 and 52.1, punitive damages against defendant

6    police officers DOES 1-10, inclusive; $ 75,000.00 for each offense; and reasonable attorney's

7    fees;

8        6. For reasonable attorney's fees pursuant to 42 U.S.C. Sections 1983 and 1988;

9        7. For costs of suit herein incurred; and,

    8. For such other and further relief as the Court deems just and proper.

10

11                                   LAW OFFICES OF GAYLA B. LIBET

12

13

14    Dated: January 25, 2008 _____        By: /s/ Gayla B. Libet _____

15                                        GAYLA B. LIBET, Esq.

16                                        Attorneys for Plaintiffs

17

18

19

20

21

22

23

24

25

26

27

28