Kimberly E. Colwell (SBN: 127604)
kcolwell@meyersnave.com
Tricia L. Hynes (SBN: 212550)
thynes@meyersnave.com
MEYERS, NAVE, RIBACK, SILVER & WILSON
555 12th Street, Suite 1500
Oakland, CA 94607
Telephone: (510) 808-2000
Facsimile: (510) 444-1108

Attorneys for Defendants
CITY OF SAN LEANDRO, and
CHIEF JOSEPH KITCHEN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LIONEL N. ALLEN; RALPH P. DAVIS; MICHAEL OATEZ; MONICA OATEZ; M.O., a minor, by and through her guardian ad litem, MICHAEL OATEZ; MICHAEL A. FLEURY; and, JOHNNY D. STOKES,

Plaintiffs,

v.

CITY OF SAN LEANDRO, a municipal corporation; JOSEPH KITCHEN, in his capacity as Chief of Police for CITY OF SAN LEANDRO; and, DOES 1-25, inclusive, individually, and in their capacity as San Leandro police officers,

Defendants.

Case No: C07-03509 PJH

**DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES AND DEMAND FOR JURY TRIAL**

Complaint Filed: July 5, 2007
Service Effective: November 2, 2007

COMES NOW CITY OF SAN LEANDRO, and CHIEF JOSEPH KITCHEN (hereinafter "Defendants") who answer Plaintiffs' First Amended Complaint as follows:

**JURISDICTION**

1. Defendants admit that venue is proper in this district based on plaintiffs' allegations and that that this Court has jurisdiction over plaintiffs' federal and pendant state law claims.

**PARTIES**

2. In answer to paragraph 2, DEFENDANTS deny the allegations contained therein based on a lack of information and belief.

3 In answer to paragraph 3, DEFENDANTS admit that the City of San Leandro is a municipal entity existing and organized under California law and that Joseph Kitchen was the former Chief of Police. Defendants deny the remaining allegations contained therein.

4. In answer to paragraph 4, DEFENDANTS deny the allegations contained therein based on information and belief.

5. In answer to paragraph 5, DEFENDANTS deny the allegations contained therein based on information and belief.

6. In answer to paragraph 6, DEFENDANTS deny the allegations contained therein.

7. In answer to paragraph 7, DEFENDANTS deny the allegations contained therein based on a lack of information and belief.

8. In answer to paragraph 8, DEFENDANTS deny the allegations contained therein based on information and belief.

9. In answer to paragraph 9, DEFENDANTS deny the allegations contained therein on information and belief.

**STATEMENT OF FACTS**

10. In answer to paragraph 10, DEFENDANTS deny the allegations contained therein based on a lack of information and belief.

11. In answer to paragraph 11, DEFENDANTS deny the allegations contained therein based on information and belief.

12. In answer to paragraph 12, DEFENDANTS deny the allegations contained therein based on information and belief.

13. In answer to paragraph 13, DEFENDANTS deny the allegations contained therein based on information and belief.

14. In answer to paragraph 14, DEFENDANTS deny the allegations contained therein based on information and belief.

15. In answer to paragraph 15, DEFENDANTS deny the allegations contained therein based on information and belief.

16. In answer to paragraph 16, DEFENDANTS deny the allegations contained therein based on a lack of information and belief.

17. In answer to paragraph 17, DEFENDANTS deny the allegations contained therein based on a lack of information and belief.

18. In answer to paragraph 18, DEFENDANTS deny the allegations contained therein based on a lack of information and belief.

19. In answer to paragraph 19, DEFENDANTS deny the allegations contained therein based on information and belief.

20. In answer to paragraph 20, DEFENDANTS deny the allegations contained therein based on information and belief.

21. In answer to paragraph 21, DEFENDANTS deny the allegations contained therein based on information and belief.

**DAMAGES**

22. In answer to paragraph 22, DEFENDANTS deny the allegations contained therein.

23. In answer to paragraph 23, and each and every subpart (a) through (f), DEFENDANTS deny the allegations contained therein.

///

///

///

///

**FIRST CAUSE OF ACTION**

**(42 U.S.C. §1983)**

**(Against defendant police officers Does 1-10, inclusive)**

24. In answer to paragraph 24, DEFENDANTS reallege their answers to paragraphs 1 through 23 with the same force and effect as if they were herein set out in full.

25. In answering paragraph 25, and all of its subparts (a) through (d), DEFENDANTS deny the allegations contained therein based on a lack of information and belief.

**SECOND CAUSE OF ACTION**

**(42 U.S.C. §1983)**

**(Against Defendants CITY; JOSEPH KITCHEN; and DOES 11-25, inclusive)**

26. In answer to paragraph 26, DEFENDANTS reallege their answers to paragraphs 1 through 25 with the same force and effect as if they were herein set out in full.

27. In answer to paragraph 27, DEFENDANTS deny the allegations contained therein based on information and belief.

28. In answer to paragraph 28, DEFENDANTS deny the allegations contained therein based on information and belief.

29. In answer to paragraph 29, DEFENDANTS deny the allegations contained therein based on information and belief.

30. In answer to paragraph 30, DEFENDANTS deny the allegations contained therein based on information and belief.

31. In answering paragraph 31, DEFENDANTS deny the allegations contained therein based on information and belief.

32. In answer to paragraph 32 and each and every subpart (a) through (d), DEFENDANTS deny the allegations contained therein based on information and belief.

33. In answer to paragraph 33, DEFENDANTS deny the allegations contained therein.

///

///

///

**THIRD CAUSE OF ACTION**

**(Assault and Battery)**

**(Against defendant police officers DOES 1-10, inclusive)**

34. In answer to paragraph 34, DEFENDANTS reallege their answers to paragraphs 1 through 33 with the same force and effect as if they were herein set out in full.

35. In answer to paragraph 35, DEFENDANTS deny the allegations contained therein.

36. In answer to paragraph 36, DEFENDANTS deny the allegations contained therein.

**FOURTH CAUSE OF ACTION**

**(False Arrest and Imprisonment)**

**(Against defendant police officers DOES 1-10, inclusive)**

37. In answer to paragraph 37, DEFENDANTS reallege their answers to paragraphs 1 through 36 with the same force and effect as if they were herein set out in full.

38. In answer to paragraph 38, DEFENDANTS deny the allegations contained therein.

39. In answer to paragraph 39, DEFENDANTS deny the allegations contained therein.

40. In answer to paragraph 40, DEFENDANTS deny the allegations contained therein.

41. In answer to paragraph 41, DEFENDANTS deny the allegations contained therein.

**FIFTH CAUSE OF ACTION**

**(Intentional Infliction of Emotional Distress)**

**(Against defendant police officers DOES 1-10, inclusive)**

42. In answer to paragraph 42, DEFENDANTS reallege their answers to paragraphs 1 through 41 with the same force and effect as if they were herein set out in full.

43. In answer to paragraph 43, DEFENDANTS deny the allegations contained therein.

44. In answer to paragraph 44, DEFENDANTS deny the allegations contained therein.

**SIXTH CAUSE OF ACTION**

**(Violation of Civil Code Section 52.1)**

**(Against defendant police officers DOES 1-10, inclusive)**

45. In answer to paragraph 45, DEFENDANTS reallege their answers to paragraphs 1 through 44 with the same force and effect as if they were herein set out in full.

46. In answer to paragraph 46, DEFENDANTS deny the allegations contained therein.

47. In answer to paragraph 47, DEFENDANTS deny the allegations contained therein.

48. In answering paragraph 48, DEFENDANTS deny the allegations contained therein.

**SEVENTH CAUSE OF ACTION**

**(Negligence)**

**(Against defendant police officers DOES 1-10, inclusive)**

49. In answer to paragraph 49, DEFENDANTS reallege their answers to paragraphs 1 through 48 with the same force and effect as if they were herein set out in full.

50. In answer to paragraph 50, DEFENDANTS deny the allegations contained therein.

51. In answering paragraph 51, DEFENDANTS deny the allegations contained therein.

**EIGHTH CAUSE OF ACTION**

**(Negligent Hiring, Retention, Training, Supervision, and Discipline)**
**(Against defendants CITY, JOSEPH KITCHEN; and DOES 11-25, inclusive)**

52. In answering paragraph 52, DEFENDANTS reallege their answers to paragraphs 1 through 51 with the same force and effect as if they were herein set out in full.

53. In answering paragraph 53, DEFENDANTS deny the allegations contained therein.

54. In answering paragraph 54, DEFENDANTS deny the allegations contained therein.

55. In answering paragraph 55, DEFENDANTS deny the allegations contained therein.

56. In answering paragraph 56 including all subparts (1) through (4), DEFENDANTS deny the allegations contained therein.

57. In answering paragraph 57 including all subparts (a) through (d), DEFENDANTS deny the allegations contained therein.

58. In answering paragraph 58, DEFENDANTS deny the allegations contained therein.

59. In answering paragraph 59, DEFENDANTS deny the allegations contained therein.

**NINTH CAUSE OF ACTION**

**(Vicarious Liability)**
**(Against defendants CITY OF SAN LEANDRO)**

60. In answering paragraph 60, DEFENDANTS reallege their answers to paragraphs 1 through 59 with the same force and effect as if they were herein set out in full.

61. In answering paragraph 61, incorrectly labeled as paragraph 59, DEFENDANTS deny the allegations contained therein.

62. In answering paragraph 62, incorrectly labeled as paragraph 60, DEFENDANTS deny the allegations contained therein.

**JURY DEMAND**

63. In answering paragraph 63, incorrectly labeled paragraph 61, DEFENDANTS admit that the plaintiffs are demanding a jury.

**PRAYER**

**WHEREFORE**, DEFENDANTS deny that plaintiffs are entitled to judgment against defendants, and each of them, as follows:

1. In answering the damages allegations, DEFENDANTS deny PLAINTIFFS were damaged at all or are entitled to an award of damages.

2. In answering the damages allegations, DEFENDANTS deny PLAINTIFFS were damaged at all or are entitled to an award of damages.

3. In answering the damages allegations, DEFENDANTS deny PLAINTIFFS were damaged at all or are entitled to an award of damages.

4. In answering the damages allegations, DEFENDANTS deny PLAINTIFFS were damaged at all or are entitled to an award of damages.

5. In answering the damages allegations, DEFENDANTS deny PLAINTIFFS were damaged at all or are entitled to an award of damages.

6. In answering the damages allegations, DEFENDANTS deny PLAINTIFFS were damaged at all or are entitled to an award of damages.

7. In answering the damages allegations, DEFENDANTS deny PLAINTIFFS were damaged at all or are entitled to an award of damages.

8. In answering the damages allegations, DEFENDANTS deny PLAINTIFFS were damaged at all or are entitled to an award of damages.

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

DEFENDANTS, and each of them, at all times, acted in good faith, without malice and within the scope and course of their employment, and under the reasonable belief that their actions were lawful. Accordingly, DEFENDANTS and each of them are entitled to state and federal qualified immunity herein.

**THIRD AFFIRMATIVE DEFENSE**

To the extent that the PLAINTIFFS' claims are founded upon principals of negligence, PLAINTIFFS were negligent in and about the matters referred to in their Complaint. Such negligence bars or diminishes PLAINTIFFS' recovery against DEFENDANTS.

**FOURTH AFFIRMATIVE DEFENSE**

DEFENDANTS are immune from liability pursuant to the provisions of *California Government Code Sections 820.2 and 815.2.*

**FIFTH AFFIRMATIVE DEFENSE**

DEFENDANTS are immune from liability pursuant to the provisions of *California Government Code Sections 820.4 and 815.2.*

**SIXTH AFFIRMATIVE DEFENSE**

PLAINTIFFS' prayer for exemplary damages is precluded under *California Government Code Sections 818.*

**SEVENTH AFFIRMATIVE DEFENSE**

DEFENDANTS are immune from liability pursuant to *California Government Code Sections 818.8 and 815.2.*

**EIGHTH AFFIRMATIVE DEFENSE**

DEFENDANTS are immune from liability pursuant to *California Government Code Sections 820.8 and 815.2.*

**NINTH AFFIRMATIVE DEFENSE**

DEFENDANTS are immune from liability pursuant to *California Government Code Section 821.6 and 815.2.*

///

**TENTH AFFIRMATIVE DEFENSE**

DEFENDANTS are immune from liability pursuant to *California Government Code Section 822.2 and 815.2.*

**ELEVENTH AFFIRMATIVE DEFENSE**

PLAINTIFFS' action is barred to the extent they failed to comply with *California Government Code Section 900 et seq.* or to the extent that they have exceeded the scope of any allegedly filed claim.

**TWELFTH AFFIRMATIVE DEFENSE**

DEFENDANTS allege that the officers had probable cause to believe that their actions toward the PLAINTIFFS were lawful.

**THIRTEENTH AFFIRMATIVE DEFENSE**

DEFENDANTS are immune from the claims contained in PLAINTIFFS' Complaint pursuant to the provisions of *California Penal Code Section 835.*

**FOURTEENTH AFFIRMATIVE DEFENSE**

DEFENDANTS are immune from the claims contained in PLAINTIFFS' Complaint pursuant to the provisions of *California Penal Code Section 835(a).*

**FIFTEENTH AFFIRMATIVE DEFENSE**

DEFENDANTS are immune from the claims contained in PLAINTIFFS' Complaint pursuant to the provisions of *California Penal Code Section 836.*

**SIXTEENTH AFFIRMATIVE DEFENSE**

DEFENDANTS are immune from the claims contained in PLAINTIFFS' Complaint pursuant to the provisions of *California Penal Code Section 836.5*

**SEVENTEENTH AFFIRMATIVE DEFENSE**

PLAINTIFFS' claims against DEFENDANTS under 42 U.S.C. §1983 are contrary to law, in that they are founded upon the doctrine of *respondeat superior*. Neither a municipality nor its officers, supervisors, or policymakers can be held liable under 42 U.S.C. § 1983 under a *respondeat superior* theory. (*Monell v. Department of Social Services,* 436 U.S. 658, 691 (1978).)

**EIGHTEENTH AFFIRMATIVE DEFENSE**

DEFENDANTS are informed and believe and thereby allege that PLAINTIFFS' alleged damages or injuries, if any, were aggravated by the failure of PLAINTIFFS and/or other individuals to use reasonable diligence to mitigate those injuries or damages.

**NINETEENTH AFFIRMATIVE DEFENSE**

DEFENDANTS allege that defendant Officers took reasonable precautions with regard to protecting against any risk of injury complained of by PLAINTIFFS.

**TWENTIETH AFFIRMATIVE DEFENSE**

DEFENDANTS allege that the PLAINTIFFS had the express knowledge of the risks and hazards set forth in the Complaint, as well as the magnitude of the risks and hazards and thereafter knowingly and willingly assumed those risks.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

DEFENDANTS allege that PLAINTIFFS have waived their right to maintain the action filed in the Complaint.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

DEFENDANTS allege that PLAINTIFFS are barred by the principal of estoppel from maintaining the action filed in this case.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

DEFENDANTS allege that the officers were privileged to detain the PLAINTIFFS at the time and place alleged.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

DEFENDANTS allege that the Complaint, and each cause of action thereof, fails to state facts sufficient to constitute an award of attorney's fees or punitive damages against DEFENDANTS.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

DEFENDANTS allege that PLAINTIFFS were comparatively at fault in the manner and style as set forth in the case of *Li v. Yellow Cab Company (1975) 13 Cal. 3d 804,* and these DEFENDANTS pray that any and all damages sustained by said PLAINTIFFS be reduced by the percentage of their negligence.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

DEFENDANTS allege that PLAINTIFFS are guilty of willful misconduct which contributed to the happening of the incident which resulted in their alleged injuries.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

DEFENDANTS allege that PLAINTIFF'S claim for punitive damages is barred by the doctrine enunciated in *City of Newport v. Facts Concerts, Inc., 453 U.S. 247 (1981).*

**JURY DEMAND**

DEFENDANTS hereby demand trial by jury.

**PRAYER**

WHEREFORE, DEFENDANTS pray as follows:

1. That PLAINTIFFS take nothing by reason of their Complaint and judgment be rendered in favor of DEFENDANTS;

2. That DEFENDANTS be awarded their costs incurred in the defense of this action; and

3. For such other relief as the Court deems proper.

Dated: February 11, 2008

Respectfully submitted,

MEYERS, NAVE, RIBACK, SILVER & WILSON

By: /S/

Tricia L. Hynes
Attorneys for Defendants
CITY OF SAN LEANDRO and CHIEF KITCHEN

1056745_1.DOC