1  JOHN L. BURRIS, Esq./ State Bar # 69888
   LAW OFFICES OF JOHN L. BURRIS
2  7677 Oakport Street, Suite 1120
   Oakland, CA 94621
3  Telephone: (510) 839-5200
   Facsimile: (510) 839-3882
4
5  GAYLA B. LIBET, Esq./ State Bar # 109173
   LAW OFFICES OF GAYLA B. LIBET
   486 41st Street, Suite 3
6  Oakland, CA 94609
7  Telephone and Facsimile: (510) 420-0324
8  Attorneys for Plaintiffs
9  Kimberly E. Colwell, Esq./ State Bar # 127604
   Tricia L. Hynes, Esq./ State Bar # 212550
10 Meyers, Nave, Riback, Silver & Wilson
   555 12th Street, Suite 1500
11 Oakland, CA 94607
   Telephone: (510) 808-2000
12 Facsimile: (510) 444-1108
   E-Mail: Thynes@meyersnave.com
13
14                UNITED STATES DISTRICT COURT

15               NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 16 LIONEL N. ALLEN; RALPH P. DAVIS; MONICA OATEZ; MICHAEL OATEZ; MARWAN OATEZ; JOHNNY D. STOKES, 17 and, MICHAEL A. FLEURY, | Action No. C-07-03509-PJH |
| 18                    Plaintiffs | **JOINT CASE MANAGEMENT CONFERENCE STATEMENT** |
| 19 vs. | Date:    March 27, 2008, Time:    1:30 p.m. |
| 20 CITY OF SAN LEANDRO, a municipal corporation; JOSEPH KITCHEN, in his capacity as Chief of Police 21 for CITY OF SAN LEANDRO; and, DOES 1-25, inclusive, individually, and in their capacity as 22 San Leandro police officers, | Ctrm.: 3 / 17th Floor, S.F. Federal Bldg. **Honorable Phyllis J. Hamilton** |
| 23                    Defendants. | |

24

25     Parties to this action submit their Joint Case Management Conference Statement, and request

26 the Court adopt it as the Case Management Order in this action:

27 **1. JURISDICTION AND SERVICE:**

28     This action arises under Title 42 U. S.C. Section 1983.  Jurisdiction is conferred upon this

Court by Title 28 U. S. C. Sections 1331 and 1343.  The alleged acts and practices herein

occurred in the Cities of San Leandro and Oakland, California, which is within this judicial district. Venue is conferred upon this Court by Title 28 U. S. C. Section 1391(b).

## 2. STATEMENT OF FACTS AND PRINCIPAL FACTS IN DISPUTE:

### A. Plaintiffs' Description of Events Underlying the Action and Factual Bases for Claims:

On 7-4-06, at approximately 9:00 p.m., all plaintiffs, except MICHAEL FLEURY, were at plaintiff LIONEL N. ALLEN's house, located at 543 Dowling Blvd., in San Leandro, California, where LIONEL ALLEN was hosting a fourth of July celebration, attended by approximately twenty (20) adults and children. Plaintiffs LIONEL ALLEN and RALPH P. DAVIS walked toward DAVIS' car, as plaintiff DAVIS was about to leave the party. As plaintiff DAVIS reached his car, he realized he did not have his keys, so plaintiff ALLEN went to retrieve them for him. Plaintiff DAVIS started to walk across the street toward plaintiff ALLEN to retrieve his keys from him. When plaintiff DAVIS reached the middle of the street, he noticed headlights coming at a high rate of speed towards him from Bancroft Street. Plaintiffs DAVIS and ALLEN then walked back towards plaintiff DAVIS' car on the opposite side of the street. As the speeding car approached them, plaintiffs ALLEN and DAVIS notice that the four to five men in that speding car were undercover police officers. The speeding car stopped right in front of ALLEN and DAVIS.

At that time, approximately six (6) San Leandro Police Dept. (hereinafter referred to as "SLPD") and SLPD Swat team vehicles pulled up at a high rate of speed, and then stopped right near where the first undercover SLPD car had stopped in directly in front of plaintiffs DAVIS and ALLEN. Then, several defendant DOE officers jumped out of their vehicles, and without any just provocation or cause, drew their guns (which appeared to be rifles or assault weapons) and pointed them directly at plaintiffs DAVIS and ALLEN. One of the defendant officers shouted repeatedly, "Motherfucker, face down on the ground or I will kill you!"

Despite the fact that plaintiffs DAVIS and ALLEN complied with defendant officers, by lying face down on the ground, one of defendant officers, without any just provocation or cause, one of defendant officers proceeded to assault and batter plaintiff DAVIS, in that he violently grabbed him by his left arm, injuring his shoulder, turned him over onto his back, and continued to point his gun directly at plaintiff DAVIS' face, while another defendant officer conducted a search of

plaintiff DAVIS' person. When plaintiff DAVIS pleaded for his life to the defendant officer, said officer shoved his gun harder at plaintiff DAVIS' face and shouted, "Shut the fuck up."

At the same time defendant officers were assaulting and battering plaintiff DAVIS, at least two (2) other defendant officers were assaulting and battering plaintiff ALLEN, without any just provocation or cause, in that said officers threw plaintiff ALLEN to the ground despite the fact that he was simultaneously complying with the police order to get down on the ground. Then, a defendant officer kicked plaintiff ALLEN in his left leg as he lay unresisting face-down on the ground.

While plaintiffs ALLEN and DAVIS were being assaulted and battered by defendant SLPD officers, other defendant SLPD officers were swarming into plaintiff ALLEN's house, ordering women and children at gunpoint to come out of the house, and terrifying everyone present, including children, who were screaming in fear, all without any just provocation or cause.

Plaintiffs MONICA OATEZ, MICHAEL OATEZ, MARWAN OATEZ, and JOHNNY D. STOKES, were among the people ordered out of plaintiff ALLEN's house by defendant officers with guns pointed at their faces, and assaulted and battered, without any just provocation or cause. Plaintiffs MICHAEL OATEZ, MARWAN OATEZ, and JOHNNY STOKES were all thrown to the ground at gunpoint by defendant officers, kneed in their backs, forced to lie down and be handcuffed, and were wrongfully detained, all without any just provocation or cause.

Plaintiff MONICA OATEZ was assaulted and battered in that defendant officers wrongfully pointed guns in her face, and wrongfully detained her. Further, she suffered severe and extreme emotional distress due to seeing her two sons, plaintiffs MICHAEL OATEZ and MARWAN OATEZ, thrown down to the ground, and seeing defendant police officers pointing guns at her sons heads as they lay on the ground.

Plaintiff JOHNNY STOKES was asleep in the living room when defendant officers awakened him with a gun pointed at his head, and then yanked him up by his shirt and arms, walked him outside the house and ordered him to get down on the ground. He asked, "What's going on?", and two defendant officers responded by throwing him down to the ground. He was handcuffed too tightly with his hands behind his back, and defendant officers continued to hold guns pointed at his head as he lay unresisting on the ground.

Around the same time that the above plaintiffs were assaulted and battered and falsely

arrested or detained, plaintiff, MICHAEL A. FLEURY, had just attended a barbecue at a friend's house, Bailey Partridge, at 566 Dowling Street, San Leandro, CA 94577. He left and went to his car. As he was about to open his car door to get in, a car came speeding directly toward him with bright lights on. Since it looked like the car was going to hit him, plaintiff FLEURY ran to the sidewalk, and stopped there. At that point, a SLPD defendant officer, wearing jeans and a jacket approached plaintiff FLEURY with his gun drawn, and said, "Put your hands up in the air." At that time, that defendant did not identify himself as a police officer. Plaintiff FLEURY later learned that this man was a defendant police officer.. Plaintiff FLEURY complied and put his hands up in the air, and then saw a police car pull up behind this defendant officer who was pointing his gun at plaintiff FLEURY. Plaintiff FLEURY said, "Whoever you are looking for, you have the wrong person."

The defendant officer responded, "Shut up, and get on the ground.", and plaintiff FLEURY complied. Plaintiff was asked for his name and address and identication, and he complied. Then, after several minutes, defendant officers handcuffed plaintiff FLEURY very roughly yanking his arms, and stood him up. Plaintiff FLEURY could then see about 15 to 18 police cars, police dogs, and some police officers with assault rifles. As the defendant officers walked plaintiff FLEURY to a police car, he saw other police officers mistreating other people, including children, who came out of a white house. After sitting in the back of a police car for 20-40 minutes, two police officers said that they thought they had the wrong person, eventually released plaintiff FLEURY from the police car, and told him he could go.

Plaintiff FLEURY's left shoulder (yanked back really hard by defendant officer and handcuffed) and right knee (scraped and banged on the ground when plaintiff got down on the ground when defendant officer ordered him to do so) were injured by defendant officers' assault and battery upon him, and he suffers anxiety attacks as the result of defendant officers' assault and battery and false detention against him, which was done without any just provocation or cause.

Finally, an officer who appeared to be the Lieutenant in charge, established that defendant officers had raided the wrong house, and attacked the wrong people, and that defendant officers were actually looking for other people at another house when they committed the wrongful actions againt plaintiffs stated hereinabove. Said Lieutenant SLPD defendant officer then ordered

all plaintiffs be released from custody; and offered a cursory apology, handed out his business card to a few people, and left the scene, along with all the other defendant SLPD officers.

Defendant officers assaulted and battered all plaintiffs in this case, ransacked plaintiff ALLEN's house causing property loss and damages, and falsely detained all plaintiffs, all without any just provocation or cause. Plaintiffs had not done anything to provoke this assault upon them, and did nothing to physically resist these officers during their assault on them. Further, plaintiffs were unarmed.  Further, plaintiffs complied with all orders given to them during this incident by defendant DOE SLPD officers.

**B. Defendants' Description of Events Underlying the Action and Factual Bases for Claims:**

Defendants contend that they were searching for an unknown assailant who moments before had fired shots from a blue PT Cruiser, the same car plaintiffs Lionel Allen and Ralph Davis were observed walking to that night.  Given the totality of the circumstances, and the tense, rapidly evolving situation with which the officers were confronted, the City's officers are entitled to qualified immunity for their actions.

**C. Principle Disputed Facts:**

1. Facts regarding how the subject incident took place between police officers and plaintiffs; and,

2. Facts regarding proof of <u>Monell</u> liability of defendants CITY OF SAN LEANDRO; JOSEPH KITCHEN; and DOES 11-25, inclusive.

**3. PRINCIPLED DISPUTED LEGAL ISSUES:**

1. Whether probable cause existed for the detention of plaintiffs:  Civil Code Section 43 and Penal Code Section 236 for false arrest and imprisonment; BAJI 7.60, 7.61, 7.62, 7.63; <u>Larson vs. City of Oakland</u> (1971) 17 CA3d 91, 96; <u>Allison vs. County of Ventura,</u> (1977) 68 CA3d 689; <u>Sullivan vs. County of Los Angeles</u> (1974) 12 C3d 710; <u>City of Newport Beach vs. Sasse</u> (1970) 9 C.A. 3d 803, 810; <u>Dragna vs. White</u> (1955) 45 C2d 469, 471; <u>Milliken vs. City of South Pasadena</u> (1979) 158 Cal.Rptr. 409; <u>Floro vs. Lawton</u> (1960) 187 1 C.A. 2d 657, 667; <u>Muller vs. Reagh</u> (1963) 215 C.A. 2d 831, 836; <u>People vs. Agnew</u> (1940) 16 C. 2d 655, 661; <u>People vs. Zilbauer</u> (1955) 44 C. 2d. 43, 50; <u>Collins vs. City and County of San Francisco</u> (1975) 50 C.A. 3d 671, 673; <u>Moore vs. San Francisco</u> (1970) 5 C.A. 3d 728; <u>Onick vs. Long</u> (1957) 154 C.A. 2d 381; <u>Gorlack vs. Ferrari</u> (1960) 184 C.A. 2d 702;

2. Whether the force used by defendant police officers DOES 1-10 against plaintiffs was objectively reasonable under the circumstances: 42 U.S.C. Section 1983; <u>Benach v. County of</u>

Los Angeles (1997) 60 C.A.4th 637, 652; Mendez Marrero v. Toledo (D.Puerto Rico 1997) 968 F.Supp. 27, 35; Doerle v. Rutherford (9th Cir. 2001) 263 F.3d 1106, 1114; Headwaters Forest Defense v. County of Humboldt (9th Cir. 2000) 240 F.3d 1185-1198-1199; Palacios v. City of Oakland (N.D.Cal. 1997) 970 F.Supp. 732, 740; Chew v. Gates (9th Cir. 1994) 27 F.3d 1432, 1440-1441; People v. Daniels (1998) 62 C.A.4th 1529, 1538; Allen v. Muskogee, Oklahoma (10th Cir. 1997) 119 F.3d 837, 840; Martinez v. County of Los Angeles (1996) 47 C.A.4th 334, 343-344;

3. Whether defendant police officers are entitled to qualified immunity:   Same statutes and case law as subsection 2. herein;

4. Whether plaintiffs' damages were caused by defendants' unreasonable use of force against plaintiffs; false detention or arrest of plaintiffs; and/or racially motivated misconduct towards plaintiffs:   Same statutes and case law as subsection 2. herein;

5. Whether defendant police officers DOES 1-10 are liable to plaintiffs for negligence (and/or negligent infliction of emotions distress, as part of plaintiffs' negligence cause of action): Civil Code Section 1714; Government Code Section 815.4; Thing vs. La Chusa (1989) 48 C3d 644, 663-644; Molien vs. Kaiser Foundation Hospitals (1980) 27 C3d 916, 928; Rodrigues vs. State (1970) 52 Hawaii 156, 173; Krupnick v. Hartford Accident & Indemnity Co. (1994, 4th Dist.) 28 C.A.4th 185, 198-209; People v. Pfeffer (1964) 224 C.A.2d 578, 580-581; Rice v. Southern Pacific Co. (1967) 247 C.A.2d 701, 710;

6. Whether defendant police officers DOES 1-10 are liable to plaintiffs for intentional infliction of emotional distress:  Newby vs. Alto Riviera Apartments (1967) 60 CA3d 288, 296;

7. Whether defendant police officers DOES 1-10 are liable to plaintiffs for violation of Civil Code Section 52.1:   Civil Code Section 52.1;

8. Whether defendant police officers DOES 1-10 are liable to plaintiffs for assault and battery:  Civil Code Section 43; Penal Code Sections 240 and 242; Scruggs vs. Haynes (1967) 252 C.A. 2d 256, 266; BAJI 7.50, 7.51; People vs. Cavazos (1985, 5th District.) 172 C.A. 3d 589; People vs. Valdez (1985 2d. District) 175 C.A. 3d 103; People vs. Burres (1980) 101 C.A. 3d 341; People vs. Mendoza (1942) 55 C.A. 2d 625; Lopez vs. Surchia (1952) 112 C.A. 2d 314, 318; Singer vs. Marx (1956) 144 C.A. 2d 637, 641; Lowry vs. Standard Oil Company (1944) 63 C.A. 2d 1, 7;

9. Whether defendant police officers DOES 1-10 are liable to plaintiffs for false detention and/or arrest:  Civil Code Section 43 and Penal Code Section 236 for false arrest and imprisonment; BAJI 7.60, 7.61, 7.62, 7.63; Larson vs. City of Oakland (1971) 17 CA3d 91, 96; Allison vs. County of Ventura, (1977) 68 CA3d 689; Sullivan vs. County of Los Angeles (1974) 12 C3d 710; City of Newport Beach vs. Sasse (1970) 9 C.A. 3d 803, 810; Dragna vs. White (1955) 45 C2d 469, 471; Milliken vs. City of South Pasadena (1979) 158 Cal.Rptr. 409; Floro vs. Lawton (1960) 187 1 C.A. 2d 657, 667; Muller vs. Reagh (1963) 215 C.A. 2d 831, 836; People vs. Agnew (1940) 16 C. 2d 655, 661; People vs. Zilbauer (1955) 44 C. 2d. 43, 50; Collins vs.

City and County of San Francisco (1975) 50 C.A. 3d 671, 673; Moore vs. San Francisco (1970) 5
C.A. 3d 728; Onick vs. Long (1957) 154 C.A. 2d 381; Gorlack vs. Ferrari (1960) 184 C.A. 2d
702;

10. Whether defendants CITY OF SAN LEANDRO; JOSEPH KITCHEN; and/or DOES 11-
25, inclusive, acted with deliberate indifference and are liable to plaintiffs under Monell: 42
U.S.C. Section 1983; Board of County Com'rs of Bryan County, Oklahoma v. Brown (1997) 117
S.Ct. 1382, 1387-1388;  Perkins v. City of West Covina (9th Cir. 1997) 113 F.3d 1004, 1010;
Palacios v. City of Oakland (N.D.Cal. 1997) 970 F.Supp. 732, 743; Diaz v. Salazar (D.N.M.
1996) 924 F.Supp. 1088, 1098; Allen v. Muskogee, Oklahoma (10th Cir. 1997) 119 F.3d 837,
841-842;

11. Whether any or all plaintiffs are entitled to an award of punitive damages against
defendant police officers DOES 1-10, inclusive:  Same statutes and case law as subsections 1-4
and 6-9 herein

12. Whether plaintiffs are comparatively at fault:  Same statutes and case law as subsection 5.
herein.

**4. MOTIONS:**

Plaintiffs:  Stipulation and Proposed Order for Leave to File First Amended Complaint will
be necessary as soon as defendants produce a police report relevant regarding plaintiffs' subject
detention and defendant officers in said detention and assault and battery on plaintiffs.  The
police report thus far produced by defendants has no information relative to plaintiffs, and
Defendants' Initial Disclosure Statement thus far served, does not name the officers involved in
the subject incident with plaintiffs.  Motions to compel discovery, if necessary; and motions in
limine.

Defendants:  Summary Judgment/Summary Adjudication motion, if appropriate after
discovery; motions in limine.

**5. AMENDMENT OF PLEADINGS:**

Plaintiffs will seek to file a First Amended Complaint pursuant to Stipulation and Proposed
Order for Leave to File First Amended Complaint, to amend or substitute names of defendants
for DOE defendants, to be learned through production from defendants of a complete relevant
police report, and hopefully, an Amended Initial Disclosure Statement from defendants, or
through discovery for DOE defendants; and/or to amend, add, or dismiss any Cause of Action.

Defendants dispute that any such information exists and that Plaintiffs are not entitled to

1  further amendment.

2  **6. EVIDENCE PRESERVATION:**

3      All parties have taken and will continue take necessary precautions to ensure that all
4  potentially relevant and discoverable documents and items are preserved.

5  **7. DISCLOSURES:**

6      Plaintiffs will serve their Initial Disclosure Statement, and accompanying documents and
7  items, pursuant to F.R.C.P. Rule 26, by <u>March 20, 2008</u>.  Defendants will serve their Amended
8  Disclosure Statement, and accompanying documents and items, pursuant to F.R.C.P. Rule 26, by
   <u>March 20, 2008</u>.

9  **8. DISCOVERY:**

10     Plaintiffs request that defendants <u>serve both of plaintiffs' counsel</u>, John L. Burris, Esq., and
11 Gayla B. Libet, Esq., with <u>separate sets</u> of all discovery responses and documents, and
12 Defendants' Amended Disclosure Statement, and accompanying documents.

13     The parties will meet and confer regarding any San Leandro Police Department Internal
14 Affairs documents regarding any investigation and/or findings re the subject incident, and any
15 prior history of excessive force; false detentions and arrests; and/or treating persons in a manner
16 that is racially discriminatory by defendant officers in the five years before the date of the subject
17 incident.  Defense counsel can agree to produce any such documents to the Court to conduct an
18 in camera review to determine relevance and materiality.  If the Court determines that there are
19 any documents to be produced, the parties agree that such documents are confidential and
20 privileged, and their release will be subject to a Stipulated Protective Order to be worked out
21 between the parties.

22     c. A maximum of fifty (50) Interrogatories by each party to any other party shall be permitted.
23  Responses to a party's Interrogatories shall be due pursuant to the Federal Rules of Civil
    Procedure.

24     d. A maximum of fifty (50) Requests for Production of Documents by each party to any other
25 party shall be permitted.  Responses to a party's Requests for Production of Documents shall be
26 due pursuant to the Federal Rules of Civil Procedure.

27     e. A maximum of twenty-five (25) Requests for Admission by each party to any other party
28 shall be permitted.  Responses to a party's Requests for Admission shall be due pursuant to the

Federal Rules of Civil Procedure.

f. At this time, the parties do not agree to limit the number depositions that shall be permitted by all parties.

g. The parties will meet and confer regarding the scheduling of any independent medical examination of any plaintiff.

h. All reports from retained experts, if any exist, shall be disclosed at the time the expert is designated.

i. The Federal Rules of Civil Procedure shall govern all supplementations.

**9. CLASS ACTIONS:**

This is not a class action.

**10. RELATED ACTIONS:**

There are no related actions.

**11. RELIEF:**

Plaintiffs pray for relief in his Complaint, as follows:

1. For general damages in the sum of $ 1,000,000.00;

2. For special damages according to proof;

3. For punitive damages against named defendant police officers and DOES 1-25, inclusive, according to proof;

4. For injunctive relief enjoining defendant CITY OF SAN LEANDRO from authorizing, allowing, or ratifying the practice by any of their employees from using unreasonable excessive force; effecting unreasonable and improper arrests and imprisonments of persons; and, from treating persons in a manner that is racially discriminatory, pursuant to California Civil Code Section 52.1;

5. For violation of California Civil Code 52 and 52.1, punitive damages against defendant police officers; $ 75,000.00 for each offense; and reasonable attorney's fees;

6. For reasonable attorney's fees pursuant to 42 U.S.C. Sections 1983 and 1988;

7. For costs of suit herein incurred; and,

8. For such other and further relief as the Court deems just and proper.

Defendants deny Plaintiffs are entitled to any relief.

**SPECIAL DAMAGES:**

The only relevant records thus far obtained are partial medical records for plaintiff RALPH P. DAVIS's diagnosis and treatment at St. Rose Hospital, Emergency Dept. for left shoulder strain on 7-4-06, which state plaintiff can return to work on 7-7-06.

Plaintiffs' counsel has not yet obtained the medical records, billing statements, or loss of wages documentation for plaintiffs, other than the above.

**12. SETTLEMENT AND ADR:**

The parties have not yet engaged in any settlement discussions, offers, demands, or requests. The parties have filed a Stipulation and Order Selecting ADR process, and have been referred to Early Neutral Evaluation by the Court.

**13. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES:**

The parties do not consent to a Magistrate Judge conducting this case, except for discovery-related issues.

**14. OTHER REFERENCES:**

This case is not suitable for reference to binding arbitration; a special master; or Judicial Panel on Multidistrict Litigation.

**15. NARROWING OF ISSUES:**

After some discovery has occurred, the parties may have reason to meet and confer regarding various issues related to causes of action or production and disclosure of evidence.

**16. EXPEDITED SCHEDULE:**

This case is not subject to an expedited schedule.

**17. SCHEDULING:**

a. All discovery, except that regarding expert witnesses to this action, shall be commenced in time to be completed no later than one hundred twenty (120) days before the date of trial.

b. The exchange of identities of expert witnesses are to be disclosed by not later than ninety (90) days before trial date, with discovery of said expert witnesses to be completed by no later than sixty (60) days before trial date.

c. All potentially dispositive motions will be heard by no later than thirty (30) days before trial.

Defendants anticipate making motions for Summary Judgment/Summary Adjudication on behalf of the individual defendants on the various claims outlined in the Complaint, after the

1  appropriate discovery has been conducted, including but not limited to qualified immunity and
2  any and all applicable state affirmative defenses.
3     d.  Pretrial Conference Date:  Thirty (30) days before the scheduled trial date.
4     e.  Trial Date:  April 2009.
5  **18. TRIAL:**
6  This action should be ready for trial by April 2009, and is expected to take approx. five (5)
7  days. **19.  DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS:**
8  The parties do not have any knowledge of any non-party interested entities or persons at
9  this time.

10                          Respectfully submitted,

10                          LAW OFFICES OF GAYLA B. LIBET
11

12
13  Dated:  March 20, 2008          By:   /s/ Gayla B. Libet
14                                      GAYLA B. LIBET, Esq.
14                                      Attorneys for Plaintiffs
15

16                          LAW OFFICES OF JOHN L. BURRIS

17

18  Dated:  March 20, 2008          By:  /s/ John L. Burris
19                                      JOHN L. BURRIS, Esq.
                                        Attorneys for Plaintiffs
20

21                          MEYERS, NAVE, RIBACK, SILVER & WILSON
22

23
24  Dated:  March 20, 2008          By:   /s/ Tricia L. Hynes
                                        TRICIA L. HYNES, Esq.
25                                      Attorneys for Defendants
26

27

28